# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-CV-00167-MR
# CRIMINAL CASE NO. 1:93-CR-00021-MR-2

| | |
|---|---|
| ROBERT KENNETH BRINSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 4].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted by plea of armed bank robbery (18 U.S.C. § 2113(d)). [CR Doc. 4]. The presentence report noted that Brinson had prior qualifying North Carolina convictions that triggered the Career Offender enhancement under section 4B1.2 of the Sentencing Guidelines. The Court

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-167-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:93-CR-21-MR-2.

sentenced Brinson as a Career Offender to a term of imprisonment of 240 months. [Id.].

On June 14, 2016, Brinson commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Brinson contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), one of his predicate convictions, his conviction for North Carolina common law robbery, no longer qualifies as a "crime of violence" under the Guidelines. [Id. at 2-4]. Consequently, Brinson argues his Career Offender designation is improper and thus his sentence is unlawful. [Id.].

In response to Brinson's petition, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 4]. The government notes that this case will be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the questions presented in Beckles is whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").

Based upon the reasons given by the government, and without objection by Brinson, the Court concludes that the government's motion should be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 4], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in <u>Beckles</u>. Thereafter, the government shall have 60 days from the date the Supreme Court decides <u>Beckles</u> within which to file its response in this matter.

**IT IS SO ORDERED.**

Signed: August 1, 2016

Martin Reidinger
United States District Judge